UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES MORRISON | * | CIVIL ACTION: 06-0186 |
| VERSUS | * | JUDGE IVAN L.R. LEMELLE |
| BURL CAIN | * | SECTION "B" |
| | * | MAGISTRATE JUDGE DANIEL KNOWLES |

ORDER AND REASONS

Before the court is Petitioner's Motion for Writ of Habeas Corpus. (Rec. Doc. 6). After review of the pleadings and applicable law, and for the reasons that follow,

IT IS ORDERED that Petitioner's Motion is DISMISSED.

BACKGROUND

James Morrison ("Petitioner") filed a 28 U.S.C. § 2255 motion in the United States District Court for the Middle District of Louisiana. (Rec. Doc. 6). The Middle District transferred the case to the Eastern District citing 28 U.S.C. § 2241 on the basis that jurisdiction in the Eastern District is proper as it is where petitioner received his federal sentence. (Rec. Doc. 1 ).

Petitioner was arrested for armed robbery on March 5, 1973 and sentenced to 20 years on September 21, 1973 in Jefferson Parish. (Rec. Doc. 6). On August 13, 1973 petitioner pled guilty to violation of 18 U.S.C. 2113(a)(d)(e) and (2). (Rec. Doc. 6) He was sentenced to life on September 19, 1973 in the Eastern District court. (Rec. Doc. 6). Additionally, on March 22, 1973 petitioner

was charged with murder in Orleans Parish under R.S. 14:30 which he pled guilty to on November 26, 1973 and received a life sentence. (Rec. Doc. 6).  Then, on February 6, 1975, petitioner was charged with manslaughter under Title 14, Section 31 and subsequently sentenced to 21 years in West Feliciana Parish on February 3, 1977. (Rec. Doc. 6).

Petitioner is currently serving his life sentence at the Louisiana State Penitentiary in Angola, Louisiana.  On June 6, 1983 petitioner discharged the 20 year sentence received in Jefferson Parish, Docket No: JFF-73-169.  (Rec. Doc. 6).  On June 14, 1987 petitioner discharged the 21 year sentence received in West Feliciana Parish, Docket No: WFL: 75-2-115.  (Rec. Doc. 6). Petitioner's habeas motion states that his federal life sentence and state life sentence run concurrently.  (Rec. Doc 6). Petitioner seeks a writ of habeas corpus for his transfer from the state prison where he is currently serving his state life sentence, to a federal prison to serve his federal life sentence first. (Rec. Doc. 6).

Petitioner contends that his federal life sentence is the controlling sentence because (1) it was handed down first and (2) the state sentence runs concurrent to his federal sentence. (Rec. Doc. 6).  Therefore, petitioner requests that he be released to the Federal Marshall's Service and sent to a federal prison to serve his life sentence.

Respondent contends that petitioner fails to state any claim for which relief can be granted pursuant to 28 U.S.C. § 2254. (Rec. Doc. 14).   Respondent argues that § 2254(d) is the appropriate standard that petitioner must meet before federal habeas relief is granted and that since petitioner is not attacking his convictions, federal habeas corpus "is not the proper avenue for the relief he seeks." (Rec. Doc. 14).   Thus, respondent requests that the petition be dismissed/denied for failure to state a claim upon which relief may be granted. (Rec. Doc 14).

## DISCUSSION

Petitioner requests habeas relief pursuant to 28 U.S.C. § 2241, challenging the way in which his sentence is being executed. "A challenge to the manner in which a sentence is being executed rather than the validity of the conviction and sentence is properly brought as a petition for a writ of habeas corpus under 28 U.S.C. § 2241." *Disiere v. Dretke*, No. 504CV086-C, 2004 WL 962831 (N.D.Tex. April 27, 2004) (*citing United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994).

Petitioner bases his claim for relief on the ground that his federal life sentence was imposed prior to his state life sentence. Because the federal sentence was first, petitioner argues he should serve his federal life sentence prior to serving his state life sentence.   Typically, § 2241 is used to challenge the way in which a prisoner's sentence is computed, not as a challenge to the

3

location of imprisonment. *See Brown v. Morris*, 231 Fed. Appx. 312, 313 (5th Cir. 2007). Petitioner does not provide, nor is there case law supporting the assertion that he should be serving his sentence based on the order in which his state and federal sentences were imposed.

The applicable statute that deals with where a sentence is served is found at 18 U.S.C. § 3621(b): "The Bureau of Prisoners shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted. . ." Thus, it is left up to the discretion of the Bureau of Prisons ("BOP") to decide where a prisoner will serve his sentence as well as which sentence will be served first. The law is well settled that when a person violates the criminal statutes of both the Federal and State Governments, he "may not complain of the order in which he is tried or punished for such offenses." *Disiere*, 2004 WL 962831 at *2 (*citing Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir. 1980) (*quoting Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir. 1950)).

The letter written on behalf of petitioner's co-defendant to the BOP by the federal judge who sentenced them, Judge R. Blake West, does not mention petitioner. (Rec. Doc. 15). Although the

4

letter does provide the basis of petitioner's argument: "since Mr. Jones was sentenced first on the federal charges, the federal sentence should take precedence over the subsequent state sentence. . ." (Rec. Doc. 15). Petitioner's request to be transferred to a federal facility is understandable based on Judge West's recommendation for petitioner's co-defendant. However, the letter only mentions petitioner's co-defendant and it can not be implied from this letter that Judge West had the same recommendation for petitioner. Since petitioner provided no evidence to show what Judge West's intentions were in sentencing him, this letter does not help his case.

Further, even if a federal judge does provide sentencing recommendations, these are not binding on the BOP: "The executive branch is responsible for administering sentences, not the judiciary. . . Furthermore, sentencing courts have no authority to order that a convicted defendant be confined in a particular facility." *Ramussen v. Joslin*, No. C-07-355, 2008 WL 2329105, *10 (S.D.Tex. June 4, 2008) (*citing United States v. Voda*, 994 F.2d 149, 152 (5th Cir. 1993); 18 U.S.C. § 3621). For example, in a Fifth Circuit case where a state prisoner filed a Motion for Transfer to a Federal Prison Facility the court stated that "our precedents make clear that the district court's ruling on his Motion for Transfer to a Federal Prison Facility is a non-binding recommendation to the Bureau of Prisons." *U.S. v. Garza*, 78 Fed.

Appx. 351, 353 (5th Cir. 2003).

Additionally, there is no indication from either the petition for writ of habeas corpus or the response to habeas petition of whether the petitioner here exhausted all available administrative remedies or state law remedies. The BOP provides a three-tiered process of administrative remedies that must be exhausted prior to filing for habeas relief pursuant to § 2241. *Ramussen*, 2008 WL 2329105, *4 (*citing Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990)).

Although the recommendation of the sentencing federal judge may be taken in to consideration, decisions on the execution of a prisoner's sentence are ultimately left to the discretion of the BOP: "courts have been extremely hesitant to place restraints on prison authorities in matters of internal prison administration, including administrative transfer of prison inmates." *Treece v. State*, No. 99-1567, 2000 WL 1480356, *5 (E.D.La. Oct. 4, 2000). There is no constitutional violation in the decision to have petitioner serve his state sentence before his federal sentence. If petitioner has not exhausted the available BOP administrative remedies and state law remedies he should do so. Accordingly,

**IT IS ORDERED** that Petitioner's Motion is **DISMISSED.**

New Orleans, Louisiana this 20th day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE

6